**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| **MONTRIAL JOHNSON,**<br>**Plaintiff,**<br>**v.**<br>**TRAVIS OVERTON,**<br>**Defendant.** | **CASE NO. 5:26-CV-174-KKC**<br><br>**OPINION and ORDER** |

*** *** ***

This matter is before the Court on Plaintiff Montrial Johnson's motion for leave to file Second Amended Complaint. (R. 10.)

## I. BACKGROUND

Johnson filed his original Complaint on May 13, 2026. (R. 1.) Defendant, Travis Overton, filed a Motion to Dismiss on June 18, 2026. (R. 3.) In response, Johnson, as a matter of right, filed an Amended Complaint on July 9, 2026. (R. 7.) On July 23, 2026, Overton filed a Motion to Dismiss the Amended Complaint. (R. 9.) Johnson then simultaneously filed a response to Overton's motion to dismiss (R. 11), as well as a motion to file a Second Amended Complaint (R. 10).

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 15, the Court must "freely" give the plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether justice requires the amendment, the Court should consider the circumstances, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment." *Pittman ex rel. Sykes*

*v. Franklin*, 282 F. App'x 418, 425 (6th Cir. 2008) (quoting *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001)). Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Wade,* 259 F.3d at 458–59.

This case presents such circumstances where justice requires allowing Johnson leave to amend. Johnson has timely responded to each of Overton's motions to dismiss. All of Johnson's filings have been served on Overton, giving him adequate notice. Johnson has not demonstrated bad faith, or a repeated failure to cure deficiencies. Upon review of his original complaint, amended complaint, and second amended complaint, the later filings attempt to correct the deficiencies of the former, which suggests that granting leave to file would not be futile. Specifically, the proposed Second Amended Complaint addresses issues raised in Overton's motions to dismiss and adds more relevant facts about how Overton allegedly influenced or participated in the decision to prosecute and allegedly made material misstatements. (R. 10 at 2.) At this early stage of the litigation Overton will not be prejudiced by allowing Johnson leave to file the Second Amended Complaint. Due to the liberal nature of Rule 15 and because the *Wade* factors fall in favor of Johnson, the Court will allow Johnson to file his Second Amended Complaint.

## III. CONCLUSION

For the aforementioned reasons, the Court hereby ORDERS the following:

1) Plaintiff's motion to file a Second Amended Complaint (R. 10) is GRANTED.
2) The Clerk of Court is DIRECTED to file the tendered Second Amended Complaint (R. 10-1) into the record.
3) The Defendant's motions to dismiss (R. 3, 9) are DENIED AS MOOT. Defendant may reassert any of the arguments made in its previous motions and may also

assert any other appropriate arguments for dismissal or of judgment on the Second Amended Complaint as provided in the Federal Rules of Civil Procedure.

This 14th day of August, 2026.

**Signed By:**

***Karen K. Caldwell***

**United States District Judge**